[Civ. No. 22592.   Second Dist., Div. Three.   June 4, 1958.]

CHARLOTTE BOHNSTEDT, Appellant, v. JAMES C. BALLAGH, Respondent.

Robert H. Green for Appellant.

Hill, Farrer & Burrill, William S. Scully and Anson B. Jackson, Jr., for Respondent.

NOURSE, J. pro tem.*—The plaintiff appeals from an adverse judgment in an action brought by her to recover damages for breach of an alleged oral trust. The only assignments of error made are that the court failed to find upon the material issues and that the judgment is not supported by the findings of fact. No attack is made upon the sufficiency of the evidence to support the findings made.

The facts in this matter, briefly stated are: Upon the death of her husband in 1945, plaintiff became the owner of certain real property. This property was encumbered by a deed of trust securing a loan which was at the time of the death of her husband, $6,000, and later increased by her to $11,000. In August of 1951 plaintiff borrowed from one McCann the sum of $5,000 and secured this loan by a second deed of trust. In March of 1952, both loans being in default, plaintiff called upon the defendant who is the brother of her deceased husband, for financial aid. The defendant agreed to make monthly advances to her with the understanding that he would be repaid out of the proceeds of the sale of the real property owned by plaintiff, and pursuant to this agreement defendant did advance $1,425. To prevent foreclosure of the deeds of trust, defendant purchased the second deed of trust from McCann and reinstated the first trust deed by paying all of the delinquent installments of both principal and interest. The real property had a reasonable market value of about $25,000 subject to the two deeds of trust and an attachment lien of $4,700 plus interest. In September of 1952, defendant commenced foreclosure of the second deed of trust and on January 30, 1953, the property was sold at the trustee's sale to a third person for the sum of $19,526.55 and there was remitted to the defendant a sum equal to the difference between the balance due on the first deed of trust plus the expenses of the sale, the advances made by defendant, and the selling price.

Prior to the trustee's sale, the plaintiff and defendant

---

*Assigned by Chairman of Judicial Council.

entered into an agreement under the terms of which defendant was to receive the net proceeds of the sale and from those proceeds repay himself the balance due on the second deed of trust, the amounts advanced by him on account of the delinquent payments of the first deed of trust and the monies advanced to the plaintiff, and pay to the plaintiff any remaining balance.

After the sale the defendant tendered to the plaintiff the balance of the proceeds of the sale, to wit: the sum of $446.38; plaintiff refused to accept this tender. The court found that no relationship of trust or confidence existed between plaintiff and defendant; that plaintiff at all times had relied upon the advice of legal counsel of her own choosing and that the defendant did not at any time promise or agree to act as trustee for the plaintiff except that he would hold for the plaintiff the excess monies realized from said sale over and above the amount necessary to repay the defendant the amounts due him. That the plaintiff was at all times the owner of the real property in question and had the right to sell the same and that the defendant did not, in any wise, prevent such a sale; and that the defendant did not agree to acquire the subject real property at the foreclosure sale or enter into any agreement with plaintiff other than the agreement to hold said excess funds for the benefit of plaintiff.[1]

By her amended complaint filed at the conclusion of the trial, plaintiff alleged in substance, that the defendant orally agreed with the plaintiff that if the plaintiff would consent to his acquiring the second deed of trust, that he would reinstate it, make all payments thereon, pay the delinquent taxes to protect the property from loss and would sell the property at its market price, and alleged that contrary to this agreement and in breach of his trust, defendant caused the property to be sold at trustee's sale on foreclosure of the second deed of trust for $19,000, while its fair market value was $25,000.

■ Appellant asserts that the court made no finding of fact on this allegation, which she says is the basic allegation of her amended complaint. There is no merit in this contention. The court expressly found that no trust or confidential relationship existed and that the defendant did not enter into any agreement with the plaintiff or breach any

---

[1] We glean the foregoing facts from the findings and admissions in the pleadings.

agreement with the plaintiff except that he did agree to hold for her benefit the monies received by him from the trustee under the deed of trust which were in excess of the amount owing by the plaintiff to the defendant, and expressly found that defendant tended performance of this promise. No further findings were necessary to meet the issue of ultimate facts tendered by the pleadings.

From a careful study of the findings and judgment, we are unable to find, except in a single particular, any support for appellant's contentions that the findings do not support the judgment. The court found that the respondent held the sum of $446.38 for the benefit of the appellant but also found that the tender of this sum extinguished the trust upon which respondent held this sum. By its judgment, the court did not make any award to the appellant. In this it erred, for the tender, while sufficient to stop the running of interest (Civ. Code, § 1504) was not sufficient to extinguish respondent's obligation to appellant, there having been no deposit of the fund to her credit. (Civ. Code, § 1500.) Under the findings, appellant was entitled to judgment in the sum of $446.38 without interest.

The matter is remanded to the trial court with directions to enter judgment for plaintiff against the defendant in the sum of $446.38 without interest or costs; each party to bear their own costs on this appeal.

Shinn, P. J., and Vallée, J., concurred.